UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONIA OR H WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA,<br><br>    Defendant. | Case No. 25-cv-01684-AMO<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 10 |

Before the Court is an ex parte motion for an emergency injunction and amended complaint filed by Plaintiff Anthonia Or H Washington. In the amended pleading, Plaintiff asserts claims pursuant to the "Federal Home Loan Bank Act," "Federal Reserve Acts," and "Home Owner's Loan Act" based on Defendant Bank of America's alleged failure to return her deposit in full on demand. ECF 10 at 3-4. However, Plaintiff requests "an emergency injunction to prevent re-sale of" her farmland in Lake County, California. *Id.* at 7. Plaintiff generally requests an injunction to prevent non-party Discount Lots from proceeding with a default sale of the property so that she can preserve ownership during the pendency of her claims against Bank of America. *Id.* at 6.

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders such as the request for emergency injunction at issue. Rule 65 rests on the premise that "a federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions. But under traditional equitable principles, no court may lawfully enjoin the world at large." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021) (internal quotation marks omitted). Rule 65 accordingly provides that injunctive relief "binds only . . . (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described" in subsections (A) and (B). Fed. R. Civ. P. 65(d)(2).

Plaintiff does not allege any agency-based relationship between non-party Discount Lots and Defendant Bank of America, leaving only Rule 65(d)(2)(C) potentially applicable here. Under Rule 65(d)(2)(C), for an injunction to bind a non-party, the movant must show that the non-party either (1) aided and "abet[ted] the enjoined party in" the unlawful conduct or (2) is "legally identified" with the defendant, i.e., in privity with the named defendant. *Consumer Fin. Prot. Bureau v. Howard L., P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (citations omitted); *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323-24 (9th Cir. 1998) (aiding and abetting); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1280 (9th Cir. 1992) (privity).

Here, Plaintiff does not allege that non-party Discount Lots aided and abetted Bank of America in its alleged refusal to give Plaintiff her money. Plaintiff similarly does not allege that Discount Lots and Bank of America are in any way legally connected or in privity with each other. To the contrary, Plaintiff's operative complaint suggests that Bank of America's account policies and refusals to disburse funds stand separate from the potential real property sale by Discount Lots due to non-payment. *See* ECF 10 at 5-7, 13. Based on these allegations, the Court cannot enjoin a land sale by a non-party completely unrelated to Plaintiff's claims against Defendant Bank of America. Accordingly, the Court **DENIES** Plaintiff's ex parte application for an emergency injunction.

The Court will consider and screen Plaintiff's amended complaint pursuant to Title 28 U.S.C. § 1915 in a separate order.

**IT IS SO ORDERED.**

Dated: March 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2