1
2
3
4                         UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    ANTHONIA OR H WASHINGTON,                Case No. 25-cv-01684-AMO
                     Plaintiff,
8                                             **ORDER DISMISSING COMPLAINT**
9              v.                             Re: Dkt. No. 10
10   BANK OF AMERICA,
                     Defendant.
11
12
13

14          Plaintiff Antonia Or H Washington, proceeding without the assistance of counsel, filed this

15   action against Bank of America for failing to service her account, which prevented her from

16   accessing funds, which, in turn, led to her defaulting on an agreement to purchase farmland in

17   Clearlake, California and kept her from paying bail for her boyfriend with a check she received

18   from an attorney.  Complaint ("Compl.") (Dkt. No. 10) at 43-50.

19          Because Washington has been allowed to proceed without prepayment of fees, the court

20   must dismiss her complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to

21   state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

22   is immune from such relief."  28 U.S.C. § 1915(e)(2)(i)-(iii).  "The standard for determining

23   whether a plaintiff has failed to state a claim upon which relief can be granted under

24   § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure

25   to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  As

26   such, the complaint must allege facts that plausibly establish each defendant's liability.  *See Bell*

27   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the

28

1    plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2    defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3          In making this determination, the Court must "take as true all allegations of material fact

4    stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*,

5    668 F.3d at 1112 (citation omitted).  The Court must also "construe a pro se plaintiff's pleadings

6    liberally and afford the p[laintiff] the benefit of any doubt." *Id.* (internal quotations and citations

7    omitted).

8          Moreover, federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v.*

9    *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  There are two bases for subject matter

10   jurisdiction in federal court:  federal question jurisdiction and diversity jurisdiction.  Federal

11   question jurisdiction requires that the claims asserted in a complaint arise under federal law.  28

12   U.S.C. § 1331.  Diversity jurisdiction requires that (1) the amount in controversy exceed $75,000

13   and (2) the parties be citizens of different states.  28 U.S.C. § 1332(a).  Courts have "an

14   independent obligation to determine whether subject-matter jurisdiction exists, even in the absence

15   of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  If a federal

16   court determines that it lacks subject matter jurisdiction, it must dismiss the entire complaint.  *Id.*

17         Washington asserts that federal question jurisdiction exists over this action because under

18   the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1811, Bank of America is insured by the

19   United States.  Compl. at 46.  She also asserts that diversity jurisdiction exists because she is

20   "requesting" $75,000.  *Id.* at 47.

21         Despite these assertions, Washington fails to establish subject matter jurisdiction under

22   either theory.  "[T]he FDIA does not provide a private right of action for individuals who are

23   allegedly harmed by an institution's non-compliance with that Act." *Tidwell v. JPMorgan Chase*

24   *Bank, N.A.*, No. C-13-2621 EMC, 2013 WL 5539414, at *8 (N.D. Cal. Oct. 8, 2013); *see also*

25   *Mehmood v. Citibank, N.A.*, No. 2:17-CV-02689-MCE-AC PS, 2018 WL 1744593, at *2 (E.D.

26   Cal. Apr. 11, 2018) (finding allegations suggesting that Citibank stole plaintiff's money

27   insufficient to state a cognizable claim and noting that "the fact that a financial institution is

28

United States District Court
Northern District of California

2

1    federally insured does not necessarily mean that any bad act it commits will support a federal

2    lawsuit").  Thus, the FDIA does not provide a basis for federal question jurisdiction.

3        Washington also fails to establish that diversity jurisdiction exists in this case.  Assuming,

4    without deciding, that Washington and Bank of America are diverse parties, Washington has not

5    alleged facts establishing that the amount in controversy requirement is met.  She asserts that she

6    is "requesting" $75,000.  Compl. at 47.  This assertion is insufficient to satisfy the amount in

7    controversy needed to support diversity jurisdiction for two reasons.  First, the damages claimed

8    must exceed $75,000.  *See* 28 U.S.C. § 1332(a).  Second, "[w]here [a] plaintiff sues to enforce or

9    protect an interest in property, the present value of that interest must exceed $75,000."  Rutter

10   Group Prac. Guide Fed. Civ. Pro. Before Trial, Ch. 2C-8 ¶ 2:1836 (Calif. and 9th Cir. Ed. 2025).

11   In this case, Washington puts the value of the land at issue at "9-10,000 dollars."  *Id.* at 48.

12   Accordingly, she cannot satisfy the amount in controversy requirement needed for diversity

13   jurisdiction to exist.

14       Having found no basis for federal question jurisdiction or diversity jurisdiction, the Court

15   **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

16   Because Washington has already been given an opportunity to amend her complaint and failed to

17   cure the deficiencies previously outlined by Magistrate Judge Kim in the screening order issued

18   February 21, 2025, Dkt. No. 4, the Court finds that any additional amendment would be futile and

19   thus **DENIES** further leave to amend.  The Clerk is therefore instructed to close the file in this

20   matter.

21       **IT IS SO ORDERED.**

22   Dated: October 29, 2025

23

24

25   **ARACELI MARTÍNEZ-OLGUÍN**
     **United States District Judge**

26

27

28

3